# CUTI HECKER WANG LLP

305 BROADWAY, SUITE 607
NEW YORK, NewYork 10007

ALEXANDER GOLDENBERG
212 620 2607 TEL
212 620 2617 FAX

AGOLDENBERG@CHWLLP.COM

# MEMO ENDORSED

May 27, 2021

**By ECF**

Honorable Kenneth M. Karas
United States District Judge
United States District Court for the
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601

    Re: *Chaya Rothenberg v. Arie Pluczenik*, 21-cv-2009-KMK
       Letter-Motion to Seal the Complaint

Dear Judge Karas:

  This firm represents plaintiff Chaya Rothenberg in the above-referenced matter, which was resolved. Pursuant to Local Civil Rule 7.1(d), Rule I(B) of Your Honor's Individual Rules of Practice, and Rule 13.1 of the SDNY Electronic Case Filing Rules & Instructions, Plaintiff respectfully submits this letter-motion to seal the Complaint, which was previously publicly filed as ECF #1 on the docket.[1] Plaintiff submits this motion on behalf of both parties.

  Although court filings like pleadings are subject to a presumptive right of public access, district courts may consider factors that weigh against disclosure and seal documents where appropriate. *See Mirlis v. Greer*, 952 F.3d 51, 58-59 (2d Cir. 2020). Where, as here, the document in question is a judicial document, *see Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (holding that pleading is a judicial document), the Court must "determine the weight of the presumption of access to that document," and then "identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59 (internal quotation marks omitted); *see also Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020) (citing three-step analysis in *Mirlis* and process courts must follow on motion to seal). "Although the public's right is strong, it is 'not absolute.'" *Mirlis*, 952 F.3d at 59 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

---

[1] Plaintiff recognizes that Rule II(a) of Your Honor's Individual Rules of Practice requires a pre-motion conference for all motions other than those specified in the Rule. At the same time, Your Honor's Individual Rules of Practice permit letter-motions in accord with the SDNY Electronic Case Filing Rules & Instructions. The ECF Rules, and Rule IX(A) of Your Honor's Individual Rules of Practice, permit and anticipate letter-motions for motions to seal documents. In light of those rules, and because this motion is submitted on behalf of both parties and will not be opposed, Plaintiff submits this letter-motion for efficiency seeking a direct ruling on her request. In the alternative, Plaintiff would respectfully ask the Court to deem this submission a request for pre-motion conference.

CUTI HECKER WANG LLP
PAGE 2

This action concerns personal events that Plaintiff alleges transpired between the parties. Plaintiff has filed this Motion to Seal prior to any activity whatsoever on the docket since she commenced the action. There has been no responsive pleading filed, no discovery exchanged, and no adjudication of any disputed legal or factual issues. Although the document at issue might be material in "the exercise of Article III judicial power," *Mirlis*, 952 F.3d at 59, if this case were litigated, the matter has been resolved and the Complaint is therefore of no judicial import.

As to the factors that counsel against disclosure, each party desires that the Complaint be sealed and no longer available to the public. The allegations in the Complaint relate solely to private and personal matters between the parties themselves. No third party is identified in the Complaint nor has any third party expressed interest in the Complaint. No third party will be prejudiced if the Complaint is sealed. Further, no ongoing proceedings will be compromised if the Complaint is sealed because Plaintiff intends to file a Notice of Voluntary Dismissal of the Action promptly after the Court rules on this motion. Under these circumstances, the parties respectfully submit that sealing is appropriate. *Id.* at 67 (reversing district court's denial of motion to seal where factors weighing in favor of confidentiality outweighed factors in favor of disclosure).

Accordingly, the parties respectfully move for an order directing the Clerk to seal the Complaint. We thank Your Honor for your consideration of this motion.

Respectfully Submitted,

*[signature]*

Alexander Goldenberg

cc:   Counsel for Defendant (via email)

> Motion is denied. There is a First Amendment and a common law right of access to court filings. While certain compelling interests may outweigh the right of access, this letter does not identify what is compelling about the interests allegedly at issue here, nor does it cite any authority to support the claim that the reasons for sealing are justified. Many lawsuits involve disputes between private parties, but that hardly justifies sealing filings in those cases. This denial is without prejudice.
>
> So Ordered.
>
> *[signature]*
>
> 5/28/21